# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CAUDIE MURPHY,                )
                              )
            Petitioner,       )
                              )
      v.                      )      No. CIV-06-321-S
                              )
JUSTIN JONES,                 )
                              )
            Respondent.       )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Howard McLeod Correctional Center, appearing pro se, has filed with this court a petition seeking federal habeas corpus relief.

Petitioner was received into Department of Corrections custody on May 13, 2005, when he was convicted in McCurtain County District Court and was incarcerated pursuant to a Judgment and Sentence in Case No. CF-02-116. Petitioner's suspended sentence was revoked after he was convicted of False Declaration of Ownership, and had 2 years and 9 months remaining to serve. Also in CF-03-120, petitioner was convicted of Uttering A Forged Instrument and received a 10 year sentence. All sentences were to be served concurrently.

On August 11, 2006, petitioner filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2241 in this court. In that petition, petitioner is not challenging his convictions, rather, he is challenging a disciplinary report in which 120 earned credits were revoked at the Howard McLeod Correctional

1

Center on May 19, 2006. In his petition, petitioner alleges he did not receive due process in a prison disciplinary hearing in which earned credits were revoked.  Petitioner has exhausted his state administrative remedies but has not exhausted the state judicial remedy under 57 O.S. Sec. 564.1.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991).  "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under Sec. 2241 or Sec. 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(citing Coleman, 501 U.S. at 731).  In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. Sec. 2254 (b).  See Clonce v. Presley, 640 F. 2d 271, 273 (10th Cir. 1981) and Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeals or a post-conviction proceeding. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 ( 10th Cir. 1994).  "Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter." Smith v. Kansas, 356 F.2d 654, 656 (10th Cir. 1966). "The exhaustion doctrine requires a state prisoner to fairly present a claim to the state courts before a federal court will examine them." Picard v. Connor, 404 U.S. 270, 275 (1971).  The United States Supreme Court has held that a state prisoner must exhaust available state remedies before a writ of habeas corpus can be granted by the

2

federal courts.  <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).

After a careful review of the record, the court finds petitioner does have a state judicial remedy available to him pursuant to 57 O.S. Sec. 564.1.  57 O.S. Sec. 564.1 provides petitioner with a judicial appeal process in those instances where earned credits are revoked in a prison disciplinary hearing.  The process is called a petition for judicial review.  The law specifically requires the court to find if there was sufficient evidence upon which a finding can be based.  He has failed to exhaust this remedy. As a result, petitioner failed to exhaust his state judicial remedies.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 24th day of September, 2007.

Frank H. Seay
United States District Judge